# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GRAHAM ENGINEERING CORP.,** | CIVIL ACTION NO. 1:16-CV-2522 |
| Plaintiff | (Chief Judge Conner) |
| v. | |
| **DOUG JOHNSON,** | |
| Defendant | |

## MEMORANDUM

Plaintiff Graham Engineering Corporation ("Graham Engineering") commenced this action against defendant Doug Johnson ("Johnson"), as well as six related actions against defendants Eric Adair, William Kramer, Jeff Lawton, Michael Perri, Daniel Schilke, and Kevin Slusarz (collectively, "defendants"), pursuant to the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and state law. (Doc. 45). Before the court is Graham Engineering's motion to strike portions of Johnson's answer (Doc. 53) pursuant to Federal Rule of Civil Procedure 12(f). (Doc. 55). The court will grant Graham Engineering's motion.

## I.     Factual Background & Procedural History

Graham Engineering is a Pennsylvania corporation that offers, *inter alia*, design and development expertise for plastic products. (Doc. 45 ¶¶ 2, 14). On January 1, 2016, Graham Engineering acquired American Kuhne, Inc. ("American Kuhne"), a Delaware corporation that employed defendants. (Id. ¶¶ 15, 17, 22, 24). As part of the acquisition, Graham Engineering acquired ownership of defendants' employment and confidentiality agreements with American Kuhne. (Id. ¶¶ 26-28).

Graham Engineering contends that defendants violated these agreements by accessing and retaining Graham Engineering's confidential information without permission. (See id. ¶¶ 43, 55, 79, 92, 109, 135, 155-56). Graham Engineering further avers that defendants utilized this information to form U.S. Extruders, a competitor incorporated in Rhode Island. (See id. ¶¶ 158, 187, 194).

Graham Engineering commenced the instant action on December 21, 2016, (Doc. 1), subsequently filing an amended complaint (Doc. 23) on March 31, 2017, and a second amended complaint (Doc. 45) on October 17, 2017. Johnson filed his answer on November 21, 2017. (Doc. 53). In response to fifteen separate allegations in the second amended complaint, Johnson responds that:

> The allegations in this paragraph appear to purport to characterize a document, the contents of which speak for themselves, and to which no responsive pleading is required. By way of further response, the allegations in this paragraph appear to characterize a document which Plaintiff accessed from Defendants without authorization and in violation of its statutory and common law legal obligations. To the extent a response is required, Defendant denies the allegations in this paragraph. Defendant denies that Defendants engaged in any unlawful conduct.

(Id. ¶¶ 168-70, 172-74, 176-82, 185-86). Graham Engineering moves to strike these fifteen responses pursuant to Federal Rule of Civil Procedure 12(f). (Doc. 55). The motion is fully briefed and ripe for disposition.

## II. Legal Standard

Under Federal Rule of Civil Procedure 12(f), the court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). District courts have "considerable discretion" in resolving a Rule 12(f) motion. Krisa v. Equitable Life Assurance

Soc'y, 109 F. Supp. 2d 316, 319 (M.D. Pa. 2000) (quoting N. Penn. Transfer, Inc. v. Victaulic Co. of Am., 859 F. Supp. 154, 158 (E.D. Pa. 1994)).  In general, such a motion will be denied unless the allegations are severely prejudicial to one of the parties and unrelated to the plaintiff's claims.  Id.; see also 5C CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 1382 (3d ed. 2016).  A party is prejudiced when the challenged pleading "confuses the issues" or places an undue burden on the responding party.  Karpov v. Karpov, 307 F.R.D. 345, 348 (D. Del. 2015).

## III.  Discussion

Graham Engineering contends that Johnson's fifteen responses to the second amended complaint, set forth *supra*, should be stricken for failure to conform to Rule 8 of the Federal Rules of Civil Procedure.  (Doc. 56 at 2, 9, 11).  Specifically, Graham Engineering argues that the responses are "inappropriate" because they fail to apprise Graham Engineering as to whether Johnson admits or denies the allegations.  (Id. at 11).

The Federal Rules of Civil Procedure require a party responding to a pleading to "admit or deny the allegations asserted against it."  FED. R. CIV. P. 8(b).  A party's denial must "fairly respond to the substance of the allegation."  FED. R. CIV. P. 8(b)(2).  If the party denies only part of an allegation, the denial must specifically designate what is denied and what is admitted.  FED. R. CIV. P. 8(b)(3)-(4).

A Rule 12(f) motion to strike may be used to address an improperly pleaded answer under Rule 8(b).  See Sinclair Cattle Co., Inc. v. Ward, No. 1:14-CV-1144,

2015 WL 6125260, at *2 (M.D. Pa. Oct. 16, 2015) (Conner, C. J.). A motion to strike's purpose is to "clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." McInerney v. Moyer Lumber & Hardware, Inc., 244 F. Supp. 2d 393, 402 (E.D. Pa. 2002) (citing Garlanger v. Verbeke, 223 F. Supp. 2d 596, 609 (D.N.J. 2002)). A defendant should respond to a complaint in such a way that a plaintiff will not be burdened with "ferret[ing] out a straightforward answer." See Sinclair Cattle Co., 2015 WL 6125260, at *3.

The bare assertion that a document speaks for itself and that "no responsive pleading is required" falls short of the requirements of Rule 8(b)—even when followed by a general denial. See In re Richner, No. 5-12-BK-2881, 2018 WL 1165759, at *2-3 (Bankr. M.D. Pa. Mar. 1, 2018) (citing Kegerise v. Susquehanna Twp. Sch. Dist., 321 F.R.D. 121, 124 (M.D. Pa. 2016)); see also Do It Best Corp. v. Heinen Hardware LLC, No. 1:13-CV-69, 2013 WL 3421924, at *5-6 (N.D. Ind. Jul. 8 2013). Further, the response that a document speaks for itself is generally deemed an admission that the contents of a document are what they are purported to be. See Charleston v. Salon Secrets Day Spa, Inc., No. 08-5889, 2009 WL 1795529, at *1 (E.D. Pa. Jun. 24, 2009); see also In re Cotter, No. 08-12504, 2011 WL 5900811, at *8 (Bankr. D.N.J. Oct. 24, 2011).

Johnson responds to fifteen paragraphs of the second amended complaint with an assertion that a document speaks for itself followed by a general denial. None of Graham Engineering's allegations in the paragraphs at issue *sub judice* explicitly or implicitly refer to documents, rendering Johnson's responses ambiguous. (See Doc. 45 ¶¶ 168-70, 172-74, 176-82, 185-86). Thus, Johnson's

4

responses unduly burden Graham Engineering with the task of speculating as to which specific document Johnson refers and what allegation he denies. (See Doc. 53 ¶¶ 168-70, 172-174, 176-82, 185-86). Accordingly, we will grant Graham Engineering's motion. Johnson may amend his responses to paragraphs 168 through 70, 172 through 174, 176 through 182, 185 through 186 of Graham Engineering's second amended complaint. FED. R. CIV. P. 15(a)(2).

### IV. Conclusion

The court will grant Graham Engineering's motion (Doc. 55) to strike. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated: April 23, 2018